# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA,

CRIMINAL ACTION
NO. 04-40023-FDS

JOSE SANTOS BUENO,
            Defendant

_____

ORDER ON
GOVERNMENT'S MOTION FOR DETENTION
October 8, 2004

SWARTWOOD,

I    Nature Of The Offense 'And The Government's Motion

On September 8, 2004 a One Count Indictment was returned charging Jose Santos Bueno "Mr Santos Bueno") with transportation of Illegal Aliens in violation of 18 U.S.C § 1324(a) 1 (A)(ii

At Mr Santos Bueno's initial appearance on the underlying Complaint (which charged the same offense for which Mr Santos Bueno has been indicted) held before Magistrate Judge Cohen on August 16 2004, the Government moved for a detention hearing in accordance with 18 U.S.C §§ 3142(f)(2)(A)(risk of flight)    On August 18, 2004 after hearing, Magistrate Judge Cohen found probable cause existed for the charge against Mr Santos Bueno and

Mr  Santos Bueno consented to an Order of detention, reserving his right to a detention hearing in the future  Order of Detention (Docket No. 4).  Subsequently, Mr. Santos Bueno was indicted and arraigned

On October 7  2004, a detention hearing was held and at that hearing, Glen Fitzpatrick, Special Agent with the Bureau of Immigration and Customs Enforcement  "ICE"  testified on behalf of the Government and was cross-examined by Mr. Santos Bueno's counsel

## II   Findings of Fact

1    On Friday, August 13, 2004, ICE Boston received information that a white passenger van, with Texas license plate 7CFPO7, was en route to the Boston area and was carrying multiple Brazilian nationals who were illegally present in the United States. Gov't Ex. 1

2    Massachusetts State Police spotted the vehicle traveling east on the Massachusetts turnpike.  The police stopped the van for speeding in Southboro, Massachusetts  Id.

3.   As they approached the van, the officers observed a number of people in the van  Mr  Santos Bueno, who was driving the van, was asked for his identification.  Mr. Santos Bueno told the officers that he and another individual in the van were transporting the passengers from Texas to places throughout the United States  Id.

4.    The seven "passengers" were determined to be Brazilian nationals who were in the United States illegally    Each of them had a Brazilian passport    which indicated that they had entered Mexico    None of the passengers had a required United States visa or any other form of immigration document indicating legal entry into the United States    There was no luggage in the van, other than a single backpack. Id.

5    After investigation, it was determined that each of the Brazilians had paid or agreed to pay from $2,500 to $11,000 to be smuggled into the United States    It was further determined that the Brazilians had been smuggled across the United States/Mexican border and brought to Dallas  Texas where they were eventually met by Mr  Santos Bueno and another individual    Originally, there were fourteen Brazilian nationals in the van, seven of which were dropped off at various locations prior to coming to the Boston area  Id.

6    In the van, law enforcement officials found a list which contained   fourteen  names   including   the  names  of  the  seven Brazilians in the van at the time of the stop  the notation "paid" with respect to each of the seven; a destination; and a telephone contact number.  The letterhead at the top of the list indicated a company name of "Oxford Tours". Id.; Gov't Ex. 3

7    After being advised of his *Miranda* rights, Mr  Santos Bueno consented to being interviewed by ICE investigators    Mr

Santos Bueno acknowledged that he and another individual were paid to drive the van from Dallas TX to among other places Massachusetts This was Mr Santos Bueno's first time driving for this company Mr Santos Bueno met an individual known as "Junior" at a gas station in Dallas The van was full of people Junior gave Mr Santos Bueno the list described above which contained the passengers names Mr Santos Bueno was told as he got close to the location where each passenger was to be dropped off, he was to call the contact number listed for that passenger so the passenger could be picked up by a family member When Mr. Santos Bueno asked Junior whether the passengers were "illegal" he was told to work and not ask questions Gov't Ex. 1

8    Mr Santos Bueno admitted that based on their appearance he thought the passengers were illegally in the country For example Mr. Santos Bueno felt that if the passengers were legal, they would have taken a bus rather than crammed into a van Mr Santos Bueno also indicated that he knew they were illegal because he had previously illegally entered the United States by crossing the border Id.; Gov't Ex 2.

9    Mr. Santos Bueno admitted that he knew it was illegal to drive illegal aliens from Texas to Boston, but he needed the money Mr Santos Bueno was to be paid between $400 and $600 when he returned to Texas. Gov't Ex. 1; Gov't Ex. 2

4

10    Mr. Santos Bueno also told the investigators that the passengers had stated in conversations that they had entered the United States by crossing the border the week before  Gov't Ex 1 A number of the Brazilians  who were "passengers" on the van agreed to be deposed by counsel for Mr. Santos Bueno.  All of the deponents testified that they had not had any conversations with Mr  Santos Bueno

### III  Discussion of the Bail Reform Act

Under 18 U.S.C § 3142  "The Bail Reform Act" or "the Act" the judicial officer shall order that  pending trial, the Defendant be (1  released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or 4) detained  18 U.S.C § 3142(a)   Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e)   The Supreme Court, in United States v. Salerno, 481 U.S. 739, 747, 107 S.Ct 2095 (1987  has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited

Id.

See

United States v. Jackson                          United
States v. Berrios-Berrios

                                    See also United States
v. Patriarca

                              mp

                        ah

                            ida.

                              ""ן' ח
        See                              The     rnne

                    I:

  mp

                          wh:

                      q.i

the Defendant and the safety of the community against any danger
posed by the Defendant's pretrial release. See United States v.
Friedman, 837 F.2d 48  49 (2d Cir  1988)

In meeting its burden on the issue of whether any condition or
combination of conditions of release will reasonably assure the
appearance 'of the person as required and the safety of the
community, the Government is aided by the statutory presumptions
created by 18 U.S.C 3142(e)  Where the offense charged is one of
the offenses enumerated in Section 3142(f)(1  Section 3142(e
creates the rebuttable presumption that no condition or combination
of conditions will reasonably assure the safety of the community if
the judicial officer finds that: (1) the Defendant has been
convicted of a federal offense that is described in Section 3142(f)
or an offense under state law that would have been an offense
described in Section 3142(f) 1  if federal jurisdiction had
existed, (2  such offense was committed while the person was on
release pending trial for a federal  state or local offense, and
(3  a period of not more than five years has elapsed since the date
of conviction or release from imprisonment for such offense
Section 3142(e) also creates the rebuttable presumption that no
condition or combination of conditions will ensure the safety of
the community and the appearance of the Defendant if the judicial
officer finds that there is probable cause to believe that the
Defendant committed an offense: (1  for which a maximum term of

imprisonment of ten years or more is prescribed (a) in the Controlled Substances Act, (b) the Controlled Substances Import and Export Act or (c) the Maritime Drug Enforcement Act or (2) under 18 U.S.C § 924(c  In order to rebut either presumption the Defendant must produce "some evidence" to the contrary  United States v. Jessup, 752 F.2d 378  384 (1st Cir  1985

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and of the community" the  udicial officer is compelled to consider the following factors

    (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2 the weight of the evidence against the person

    3 the history and characteristics of the person including:

        (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

    4 the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C § 3142(g)

IV  <u>Discussion of Whether Detention is Warranted</u>

A  <u>Mr. Santos Bueno's History and Characteristics</u>

Mr  Santos Bueno was born in Mexico on December 15  1971
Santos Bueno lived in Mexico until he entered the United States
illegally approximately eight years ago

Mr  Santos Bueno is married to a United States citizen and the
couple has one child, a five year old girl. <u>Def's Exs. B,C,D,E</u>
For the past five years, Mr  Santos Bueno and his family have lived
in Dallas  Texas with his wife's parents, who are United States
Citizens, in a house owned by them <u>Def's Exs. A,F,G</u>  For the
first 2½ years that he was in the United States, Mr  Santos Bueno
lived with his sister in Dallas

Mr  Santos Bueno's parents and one of his brothers reside in
Mexico  Mr  Santos Bueno has one sister living in Dallas, one
sister living in California, a third sister living in Colorado and
three brothers who live in Texas

ICE has initiated an investigation to determine whether Mr
Santos is subject to removal and has lodged a detainer against Mr
Santos Bueno  <u>Gov't Ex. 4</u>  Mr  Santos Bueno previously filed a
change of status application which is currently pending.  A hearing
on that application is scheduled for next week

Mr  Santos Bueno had previously worked as a driver for various
companies and was steadily employed until being injured in a work
related  accident  this  past  spring    Mr   Santos  Bueno

hospitalized for over a month as a result of the accident and has been unemployed since

Mr  Santos Bueno has no criminal record

### B  Nature of the Offense; Weight of the Evidence; Government's Burden; and Risk of Flight

#### Nature of the Offense

Mr  Santos Bueno is charged with the unlawful transportation of illegal aliens   If Mr  Santos Bueno is found guilty of offense, he faces a ten-year maximum penalty  with a more likely sentence of ten to sixteen months   There is also a substantial likelihood that Mr  Santos Bueno would be deported following period of incarceration for this offense

#### 2   Weight of the Evidence

Bearing in mind that Mr  Santos Bueno is presumed innocent the Court must nevertheless consider the weight of the evidence against him   Magistrate Judge Cohen previously found probable cause for the alleged offense   After being advised of his *Miranda* rights, Mr   Santos Bueno admitted that he believed that passengers he was transporting from Texas to the East Coast were illegal and that he knows it is illegal to transport illegal aliens   Therefore, I further find that the evidence against Mr Santos Bueno is substantial

#### 3   Government's Burden

The United States has moved for detention pursuant to 18 U.S.C §§ 142(f 2 (A   The Government must prove that there is

10

no condition or combination of conditions that would reasonably assure the appearance of Mr Santos Bueno, as required

The Government's burden of proof is by *preponderance of the evidence* that Mr Santos Bueno, if released, would not appear as required

### 4   Whether Santos Bueno Poses a Risk of Flight

Mr Santos Bueno is an illegal alien who faces a period of incarceration of ten to sixteen months followed by deportation if he is found guilty of the offense charged in this Indictment   Mr Santos Bueno has strong family ties to Texas, where his wife child and in-laws (who are all United States Citizens) reside   Mr Santos Bueno has filed an application to change his status to that of a legal permanent resident   However the fact that Mr Santos Bueno has been charged in this Indictment jeopardizes that application   Mr Santos Bueno lived in Mexico until illegally entering the United States eight years ago and his parents and a brother still reside in Mexico

Counsel for Mr Santos Bueno made persuasive arguments releasing Mr Santos Bueno (who would be transferred to custody so that he could attempt to pursue his change of status application and if released by ICE, reside with his family in Dallas   Therefore, considering the totality of the circumstances including the strength of the Government's case  the fact that Mr Santos Bueno is currently in this country illegally and his strong

ties to Mexico, where he has resided most of his life, I find by preponderance of the evidence that Mr Santos Bueno poses a risk of flight and that there are no conditions or combination of conditions that can be imposed to assure his appearance in this Court as required

<u>Order of Detention Pending Trial</u>

In accordance with the foregoing memorandum

IT IS ORDERED

That Mr Santos Bueno be committed to the custody of the Attorney General, or his designated representative for confinement in a corrections facility separate, to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal

2    That Mr Santos Bueno be afforded a reasonable opportunity for private consultation with counsel and

3    On order of a court of the United States or on request by an attorney for the Government the person in charge of the corrections facility in which Mr Santos Bueno is detained and confined shall deliver Mr. Santos Bueno to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding

12

<u>RIGHT OF APPEAL</u>

    THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b)


                           /s/ Charles B. Swartwood
                           CHARLES B. SWARTWOOD, III
                           MAGISTRATE JUDGE

# Exhibit B



No. E1855

# STATE OF TEXAS

# MARRIAGE LICENSE

## COUNTY OF DALLAS

To all licensed or ordained Christian Ministers and Priests, Jewish Rabbis, or persons who are officers of religious organizations, and who are duly authorized by the organization to conduct marriage ceremonies, Justices of the supreme court, Judges of the court of criminal appeals, Justices of the courts of civil appeals, Judges of the district, county, and probate courts, Judges of the county courts at law, courts of domestic relations and juvenile courts, Justices of the peace, and Judges of the Federal courts of this State.

### GREETING:

YOU ARE HEREBY AUTHORIZED TO CELEBRATE THE

## RITES OF MATRIMONY

Between _____ J. SANTOS BUENO

and _____ MARIA VERONICA ALANIZ _____ and

make due return to the Clerk of the County Court of said County within thirty days thereafter, certifying your action under this License.

Witness my official signature and seal of office at office in Dallas, Texas this ____ 24TH ____ day of ____ JUNE ____ A.D. 19 ___98

At ____ 3:00 PM ____ A.M./P.M.

Earl Bullock, County Clerk

By ____ JOY LOVELESS ____ Deputy.

I, the undersigned hereby certify that on the 4th day of July 19 98 I united in Marriage the parties above named.

### Witness my hand,

JUAN JASSO

TYPE OR PRINT OFFICIAL'S NAME
JUSTICE of The PEACE    OFFICIAL SIGNATURE

416 S. Beckley, Dallas, Texas 75205
OFFICIAL TITLE AND CORRECT ADDRESS

County of Marriage ____ Dallas

Witnesses: Permissible but not required.

Santos Bueno    maria Bueno    JUL 1 4 1998

WITNESS

M. Angeles Jauis    Recorded

WITNESS

98019 00981

DEFENDANT'S
EXHIBIT
D
10/7/04

# Exhibit C

DEFENDANT'S
EXHIBIT
E
10/7/04

# BIRTH REGISTRATION CARD

### CITY OF McALLEN

### BUREAU OF VITAL STATISTICS

## McALLEN, TEXAS

CERTIFICATE NUMBER 2282-Vol. 89D

NAME MARIA VERONICA ALANIZ

DATE OF BIRTH OCT. 4, 1970 SEX: FEMALE

PLACE OF BIRTH McALLEN, TEXAS

DATE FILED 10-8-70 DATE ISSUED 6-5-74

THIS IS A TRUE CERTIFICATION OF THE NAME AND BIRTH FACTS AS RECORDED IN THIS OFFICE.

NATIVIDAD SANCHEZ
LOCAL REGISTRAR

REGISTRATION, CITY OF McALLEN

BY _____ DEPUTY



**PARENT'S NAME:**                    **BIRTH PLACE:**

MAURO ALANIZ                              MEXICO
MARIA DE LOS ANGELES SANCHEZ
                                          MEXICO

Eacks i

# Exhibit D



# Exhibit E

THE UNITED STATES OF AMERICA

No. 21 957 691

*CERTIFICATE OF*  *NATURALIZATION*

*Personal description of holder as of date of naturalization:*

*Date of birth:*
MARCH 10, 1947

*Sex:*
FEMALE

*Height:* 5 *feet* 03 *inches*

*Marital status:*
MARRIED

*Country of former nationality:*

MEXICO

(SECUR... *Maria de los*
AFFIX *Angeles Alanis*



(A SEAL W...
TO COVER ...
EDGE ...

IT IS PUNISHABLE BY U. S. LAW TO COPY,
PRINT OR PHOTOGRAPH THIS CERTIFICATE,
WITHOUT LAWFUL AUTHORITY.

*INS Registration No.*
A34 452 558

*I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.*

*Maria de los Angeles Alanis*
(Complete and true signature of holder)

*Be it known that, pursuant to an application filed with the Attorney General*

*at:*
DALLAS, TX

*The Attorney General having found that:*

MARIA DE LOS ANGELES ALANIS
*then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States, and had in all other respects complied with the applicable provisions of such naturalization laws and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the*

U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

*at:*
DALLAS, TX

*on:*
APRIL 7TH, 1995

*that such person is admitted as a citizen of the United States of America.*



Commissioner of Immigration and Naturalization



DEPARTMENT OF JUSTICE



DEFENDANT'S
EXHIBIT
F
10/7/04 (TBB)

# Exhibit F

No. 21.978700

INS Registration No.    A34 141 318

Personal description of holder as of date of naturalization:

Date of birth: NOVEMBER 20, 1943

Sex: MALE
Height: 5 feet 11 inches
Marital status: MARRIED
Country of former nationality: MEXICO

MAURO
ALANIS REMO

I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.

Mauro Alanis Ramos
(Complete and true signature of holder)

Be it known that, pursuant to an application, filed with the Attorney General

at: DALLAS, TX

The Attorney General having found that:

MAURO, ALANIS-RAMOS
then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States, and had in all other respects complied with the applicable provisions of such naturalization laws, and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the

U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

at: DALLAS, TX

on: MAY 5TH, 1995

that such person is admitted as a citizen of the United States of America.

Doris Meissner
Commissioner of Immigration and Naturalization

IT IS PUNISHABLE BY U.S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL . UTHORITY.

ISECUR
AFFI

IA SEAL
TO COVER
EDGE

FORM N-550 REV. 6-91

DEFENDANT'S
EXHIBIT
10/17/01

# Exhibit G



# Exhibit H

## Salsberg & Schneider

John Salsberg
Michael R. Schneider
Susan B. Church
Ryan M. Schiff

*Attorneys at Law*

October 7, 2004

Page Kelley, Esquire
Committee for Public Counsel Services
189 Cambridge Street
Cambridge, MA 02141

Dear Attorney Kelley:

In response to your request, I have briefly spoken with the family of Mr. Bueno and I believe, based on the information that I have received, that he may be eligible for release from custody in immigration court.

From my understanding from Mr. Bueno's wife, she filed a petition for alien relative for him in 1999, during the pendency of the "245i" law. This means that despite the fact that he came into the country illegally, he could pay a $1,000.00 fine and the INS would "waive" the illegal entry.

He is currently scheduled for an interview in Texas. At that interview, because it is the first scheduled interview, he would likely receive his conditional residency. This would eventually entitle him to a green card and permanent residency in the United States.

Where what appears to be a valid 1-130 (petition for alien relative) and possibly an 1-485 (adjustment to status of lawful permanent resident) is pending for the INS, Mr. Bueno may be released by the Immigration Judge. If he is not released by the Immigration Judge, he could petition for release from the Department of Homeland Security.

Sincerely yours,

Susan Church

SC/dm

g:\susan\letter page kelley

95 Commercial Wharf
Boston
Massachusetts
02110-3816

t. 617.227.7788
f. 617.227.7766