

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

Main Reception: (508) 793-0450
Facsimile: (508) 793-0446

*Donohue Federal Building*
*595 Main Street, Suite 206*
*Worcester, Massachusetts 01608*

July 1, 2005

**SENT BY FACSIMILE TO (617) 223-8080 AND BY U.S. MAIL**

Page Kelley, Esq.
Office of the Federal Defender
408 Atlantic Avenue, 3rd Floor
Boston, MA 02110

      Re:  United States v. Jose Santos-Bueno
          Criminal Docket No. 04-40023-FDS

Dear Ms. Kelly:

    I am in receipt of your notice made pursuant to Fed. R.
Crim. P. 12.2(b) that you plan to introduce expert testimony
relating to Mr. Santos-Bueno's mental defect bearing on the issue
of guilt. I also have received a clinical neuropsychology
evaluation from Dr. David Gansler along with his curriculum
vitae.  Pursuant to Fed. R. Crim. P. 16(b)(1)(C), I am requesting
that you provide a written summary of any expert testimony that
the defendant intends to use under Rules 702, 703, or 705 of the
Federal Rules of evidence.  According to the provision cited, the
summary must describe the witness's opinions, bases and reasons
for those opinions and the witness's qualifications.  Once I know
what expert testimony you intend to elicit at trial, including
what expert opinions you intend to elicit on which issues, as
well as the expert's bases for those opinions, I will be in a
position to respond either by a request to examine the defendant
or by some other pleading or motion.

    With respect to your request for agent notes under Rule
16(a)(1), we cannot agree with this request or your position that
Rule 16 requires the production of such notes.  Rule 16(a)(1)
provides in relevant part:

        Upon a defendant's request, the government must disclose to
        the defendant the substance of any relevant oral statement
        made . . . in response to interrogation by . . .  a

government agent.

Fed. R. Crim. P. 16(a)(1)(A). The language of the Rule calls for production of the "substance" of oral statements, not every memorialization and documentation of an oral statement. Consistent with the plain language of the Rule, Courts have concluded that production of the substance of an oral statement, in whatever form the government may elect, discharges this obligation. See e.g. United States v. Koskerides, 877 F.2d 1129, 1133 (2d Cir. 1989)(government's duty to disclose was discharged by typewritten memorandum that provided defendant with all information contained in handwritten notes of IRS interviews with defendant). In this case the government has provided reports containing the substance of the defendant's statements. We believe this satisfies our obligation.

Nor do we believe that Rule 16(a)(1)(B)(ii) contains a separate requirement for wholesale production of agents' notes. That rule is also limited to production of the "substance" of a defendant's statements. It has been recognized, in the context of Section 3500, that an agent's notes are not his prior statements because an agent's rough notes are usually cryptic and incomplete. See United States v. Griffin, 659 F.2d 932, 937 (9th Cir. 1991)(agent's notes not Jencks Act material because they are often cryptic and incomplete).

While we acknowledge the contrary holding of Magistrate Judge Collings in United States v. Almohandis, 307 F.Supp.2d 253 (D.Mass. 2004), we respectfully believe that opinion is flawed. In ordering production of agent's notes, Judge Collings effectively read's Rule 16's limitation to the "substance" of statements out of the Rule. Moreover, he did so in reliance on the Advisory Committee Notes to the 1991 amendment of Rule 16, which are not necessarily indicative of the intent of Congress. See Tome v. United States, 513 U.S. 150, 167 (1995)(Scalia, concurring)("[Advisory] Notes are, to be sure, submitted to us and to the Members of Congress as the thoughts of the body initiating the recommendations, see § 2073(d); but there is no certainty that either we or they read those thoughts, nor is there any procedure by which we formally endorse or disclaim them. That being so, the Notes cannot, by some power inherent in the draftsmen, change the meaning that the Rules would otherwise bear.").

We believe that the better decision regarding the scope of Rule 16(a)(1)(B)(ii) was that reached by Magistrate Judge Swartwood in United States v. Rizzuti, 03-40023-NMG (April 7, 2004). Judge Swartwood determined that unless an agent's notes set forth verbatim the substance of a defendant's statement, they could not be considered as being within the scope of Rule

16(a)(1)(B)(ii).

Regarding your request for potential Giglio and Jencks material, the government has complied with its discovery obligations under the Constitution, the Federal Rules of Criminal Procedure, and the Local Rules. As previously indicated, the government recognizes that its duty of disclosure is a continuing one pursuant to Local Rule 116.7 and Fed.R.Crim. P. 16(c). As you are aware, the Local Rules provide appropriate time lines for the disclosure of Giglio and Jencks Act material, some of which has already been provided to you. To the extent there is any Jencks Act, Giglio or other material to which you are entitled which has not yet been provided, it will be provided prior to trial in accordance with the Local Rules. Your request for law enforcement personnel records or other documents or information is overly broad, exceeds what is required to be produced pursuant to Local Rule 116.2 and ignores the time frame for disclosure as set forth in the Local Rules. Therefore, we cannot agree with your request as it is beyond the scope of the Federal Rules of Criminal Procedure, and the Local Rules and exceeds our discovery obligations.

Also, as I have indicated in prior discovery letters, please feel free to contact me at (508) 368-0104 to discuss any discovery issues.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:   Paul G. Casey

Paul G. Casey
Assistant U.S. Attorney

enclosures

cc:  Lisa Roland (w/o encl.)
     Clerk to the Honorable Charles B. Swartwood, III