UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, )
)
V. )
) NO. 04-40023-FDS
JOSE SANTOS-BUENO, )
)
Defendant )

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE MENTAL CONDITION TESTIMONY**

The government stands on the arguments made in its original submission and seeks only to reply briefly to additional arguments raised by the defendant in his opposition.

First, the defendant advises that he intends to argue that based on his brain injury and IQ score, he did not know or recklessly disregard the fact that passengers were illegal aliens, that his transportation of the aliens was not in furtherance of their illegal presence, and that he was susceptible to suggestion by the agents regarding the statements he made. See Defendant's brief, p. 9. Obviously, the defendant's expert cannot provide such testimony. Fed. R. Evid. 704(b) prohibits expert testimony as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto; such ultimate issues are for the trier of fact alone. See United States v. Schneider, 11 F. 3d 197, 202 (1st Cir. 1997); United States v. Meader, 914 F. Supp. 656, 658-59 (D. Me. 1996); United States v. Marenghi, 893 F. Supp. 85, 90. The most the defendant's expert can claim is that as a result of Santos-

Bueno's brain injury, he will have "difficulty exercising judgment, appraising novel circumstances, considering the consequences of his actions (or statements), and in developing and executing appropriate plans of action." As noted previously, the focus on Santos-Bueno's inability to engage in normal reflection, his poor judgment in choosing to commit the crime, or his inability to resist making a bad decision in choosing to violate the law, are all concepts Congress specifically excluded with the Insanity Defense Reform Act. See Cameron, 907 F.2d at 1066 (citing Pohlot, 827 F.2d at 890; Schneider, 11 F.3d at 203.

Furthermore, based on the proffer presented in this case, it is unlikely that, even if permitted, any credible psychologist would claim that Santos-Bueno did not have the requisite mens rea. The problem with the proffered testimony's unfair prejudice to the government is therefore exacerbated, because although the expert's opinion on the ultimate issue may be that Santos-Bueno in fact had the requisite mens rea, the limited presentation of the psychiatric evidence combined with the defense argument could mislead a jury into believing that Santos-Bueno's injury was responsible for Santos-Bueno making a bad decision to commit the crime. The jury could improperly conclude that Santos-Bueno's impaired decision making ability negates the offense or supports an improper diminished capacity defense. Such testimony is confusing and misleading and results in unfair prejudice to the government which would substantially outweigh any probative value it may have.

Secondly, the defendant's claim that the psychiatric evidence is relevant to the defendant's statements is equally unavailing. The defendant's expert states that Santos-Bueno will have difficulty appreciating the consequences of his statements and that generally people with similar injuries are known to be vulnerable to suggestion. The problem for the defendant is that the mental state generally for individuals like Santos-Bueno is not in issue and not relevant. There is no claim from that expert that Santos-Bueno is in fact vulnerable to suggestion because the expert's evaluation does not support such a claim. The proffered testimony is not relevant to the specific facts of the case and is simply is too speculative and tenuous to assist the fact-finder in determining whether Santos-Bueno's statements made to agents on the day of his arrest were voluntary, accurate and reliable.

Finally, contrary to the defendant's claim, the government does not agree that the psychological testing done by the defendant's expert was objective, or that the conclusions drawn therefrom are valid. Dr. Gansler's evaluation process clearly required substantial subjective analysis. In the event the court allows Dr. Gansler to testify, the court should order a psychiatric examination by a government retained expert in the interest fairness and justice. The expert should be allowed to perform his or her own psychological evaluation to test and rebut Dr. Ganlser's evaluation process and conclusions. See Fed. R. Crim. P. 12.2.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
PAUL G. CASEY
Assistant U.S. Attorney

Dated: November 14, 2005

CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing to the following counsel of record:

Page Kelly, Esq.
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA 02210
Tel: 617-223-8061

This 14th day of November, 2005.

_____
PAUL G. CASEY
Assistant U.S. Attorney

4